UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
POWER UP LENDING GROUP, LTD.,

                      Plaintiff,        **MEMORANDUM OF**
                                          **DECISION & ORDER**
  -against-                           17–cv–4083 (ADS) (AKT)

PROTO SCRIPT PHARMACEUTICAL CORP.,

                     Defendant.
---------------------------------------------------------X

**APPEARANCES:**

**Naidich Wurman LLP**
*Attorneys for the Plaintiff*
111 Great Neck Road
Suite 214
Great Neck, NY 11021
       By:    Richard S. Naidich, Esq.,
                 Robert P. Johnson, Esq., Of Counsel

**Phillipson & Uretsky, LLP**
*Attorneys for the Defendant*
111 Broadway
8th Floor
New York, NY 10006
       By:    Jonathan C. Uretsky, Esq., Of Counsel

**SPATT, District Judge**:

      The Plaintiff Power Up Lending Group, LTD. (the "Plaintiff") brings this action against the Defendant Proto Script Pharmaceutical Corp. (the "Defendant"), alleging, *inter alia*, violations of Section 10(b) of Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Exchange Act Rule 10b–5 promulgated thereunder, 17 C.F.R. § 240.10b–5.

      Presently before the Court is a motion by the Defendant to cancel this case's designation as a "Long Island case" pursuant to Rule 50.1(d)(3) of the Guidelines for the Division of Business

1

Among District Judges in the Eastern District of New York (the "Guidelines"). For the following reasons, the Defendant's motion is denied.

# I. BACKGROUND

## A. Procedural Background

On July 11, 2017, the Plaintiff filed its complaint. The complaint asserts five causes of action. However, because claims for injunctive and equitable relief are not causes of action, *Miller v. Wells Fargo Bank*, N.A., 994 F. Supp. 2d 542, 558 (S.D.N.Y. 2014), it actually sounds in four. The four causes of action are for promissory note default, breach of contract based on lost profits, breach of contract based on litigation expenses, and violation of Section 10(b) of the Exchange Act and Rule 10(b)(5) promulgated thereunder.

## B. The Relevant Facts

The Plaintiff is a Virginia corporation with offices in Nassau County, New York. The Defendant is a California corporation. Pursuant to a convertible promissory note (the "note") dated January 30, 2017, the Plaintiff loaned the Defendant $203,500. The promissory note was issued pursuant to a securities purchase agreement (the "agreement"). Under the terms of the agreement, the Plaintiff was issued stock. The note and the agreement provide that the venue for any action would be in Nassau County in the State of New York.

The Plaintiff alleges that the Defendant failed to file its Form 10-K letter with the Securities and Exchange Commission that was due on March 30, 2017, and that this failure resulted in a default under the note and agreement.

# II. DISCUSSION

While both the Brooklyn and Central Islip courthouses can properly exercise jurisdiction over any matter properly pending within the Eastern District, the Judges of the Court have adopted

rules for the internal management of the Court's case load. Those rules, known as the "Guidelines for the Division of Business" (the "Guidelines"), allow for the designation of certain cases as "Long Island cases." Guidelines Rule 50.1(d). According to the Guidelines, a civil case is properly designated as a Long Island case if "the case has been removed to this Court from a New York State court located in Nassau or Suffolk County, or . . . the cause arose wholly or in substantial part in Nassau or Suffolk County." Guidelines Rule 50.1(d)(2). The Guidelines allow a party to move to designate a case as a Long Island case, or to cancel such designation, on the grounds that "such action will serve the convenience of the parties and witnesses or is otherwise in the interests of justice." Guidelines Rule 50.1(d)(3).

The Defendant does not dispute that venue in the Eastern District of New York is proper. Instead, it asks this Court to cancel this case's designation as a Long Island case because it claims that it will serve the convenience of the parties and witnesses. The Plaintiff, which chose to lay venue in the Long Island Courthouse, disputes that the Brooklyn Courthouse would benefit it or its witnesses.

The thrust of the Defendant's motion is based on the respective courthouses' distance from the major New York City airports, because neither party maintains its principal place of business in New York. Initially, the Court notes that there is an airport quite close to the Long Island Courthouse in Islip, New York. *See, e.g., Kroll v. Lieberman*, 244 F. Supp. 2d 100, 103 (E.D.N.Y. 2003) ("Additionally, Defendants may be surprised to learn [] that airplanes have been known to land in an airport that is conveniently located way 'out in the Eastern District.' That airport is located in Islip, New York. It is approximately a twelve minute drive from that airport to the Central Islip Federal Courthouse—not a schlep at all. Indeed, the ride from the Islip airport to the

Long Island Courthouse is most pleasant when compared with the commute from New York's Laguardia or Kennedy airports [to a courthouse in the city].").

Furthermore, contrary to the Defendant's assertions, if the parties' witnesses fly into John F. Kennedy International Airport, they can take public transportation from JFK Airport to the Long Island Rail Road's stations located in Islip or Central Islip. In any event, as neither party is located in New York, the Court does not believe that a difference of 18 miles in distance from JFK Airport warrants transferring this case to the Brooklyn Courthouse.

In addition, although the Plaintiff's principal place of business is outside New York, it does maintain offices in Nassau County. As the Plaintiff points out, the note and agreement were made in Nassau County, and payment was to be made in Nassau County.

The Court finds that these are sufficient connections for this case to remain a Long Island case. *See United States v. All Funds on Deposit in Bus. Mkt. Account No. 028-0942059-66*, 319 F. Supp. 2d 290, 293–94 (E.D.N.Y. 2004) ("A review of the papers submitted in support of and in response to the motion reveals that there is sufficient connection to designate this case as Long Island Case. Even if many of the actions giving rise to the [] case arose in Brooklyn, the Long Island connection is acceptable."); *Cool Wind Ventilation Corp. v. Sheet Metal Workers Intern' Ass'n., Local Union No. 28*, 216 F. Supp. 2d 81, 85 (E.D.N.Y. 2002) ("A review of the papers submitted in support of and in response to the motion reveals that there is sufficient connection to designate this case as Long Island Case. Even if many of the actions giving rise to Plaintiff's cause of action arose in Eastern District counties outside of Nassau and Suffolk, the Long Island connection is acceptable.").

Furthermore, the Defendant has not sufficiently demonstrated that transfer would benefit the parties or the witnesses. The Defendant has not identified any specific documents, witnesses,

or other sources of proof which would substantiate a transfer. In the Court's view, the Defendant seeks to shift the inconvenience from the Defendant to the Plaintiff. This is not a sufficient reason for transfer. *See Innovations Enter. Ltd. v. Haas–Jordan Co.,* No. 99–cv–1681, 2000 WL 263745, at *2 (E.D.N.Y. Jan. 4, 2000) (stating that where transfer would merely shift the inconvenience from one party to the other, a plaintiff's choice of forum is not to be disturbed). A plaintiff's choice of forum "is entitled to significant consideration and will not be disturbed unless other factors weigh strongly in favor of transfer." *Royal & Sunalliance v. British Airways,* 167 F. Supp. 2d 573, 576 (S.D.N.Y. 2001); *see also Gulf Oil Corp. v. Gilbert,* 330 U.S. 501, 508, 67 S. Ct. 839, 91 L. Ed. 1055 (1947) ("[U]nless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed.").

Finally, the Court notes that the Plaintiff's argument regarding the choice of venue clause in the agreement is incorrect. The fact that the parties contracted to lay venue in Nassau County, New York, has no bearing on this discussion because this Court does not sit in Nassau County. If the parties had agreed to the venue of Suffolk County, New York, no further analysis would be required, because this court is a court of competent jurisdiction sitting in Suffolk County. *See Harrington, v. Crater, et al.*, No. 17CV2343ADSARL, 2017 WL 4621618, at *2 (E.D.N.Y. Oct. 7, 2017) (collecting cases that stand for the proposition that where a choice of forum is silent as to whether an action must be brought in federal or state court, a federal court may exercise jurisdiction over a case provided that the court sits in the county contained in the forum selection clause). Nevertheless, as stated above, venue here is proper because the case can be deemed a Long Island case.

Therefore, the Defendant's motion to cancel this case's designation as a Long Island case is denied.

5

## III. CONCLUSION

For the reasons stated above, the Defendant's motion to cancel this case's designation as a Long Island case is denied. This case is respectfully referred to Magistrate Judge A. Kathleen Tomlinson for the remainder of discovery.

**SO ORDERED:**

Dated: Central Islip, New York

October 18, 2017

_____/s/ Arthur D. Spatt_____

ARTHUR D. SPATT

United States District Judge